UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-6348-E | Date | October 30, 2026 |
| Title | WALTER ARMANDO BENITEZ v. FERETI SEMAIA, ETC., ET AL. | | |

Present: The Honorable Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:** None

**Attorneys Present for Defendants:** None

**Proceedings:** **(IN CHAMBERS)**

On October 27, 2026, Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus" ("the Petition") and "Petitioner's Motion for Temporary Restraining Order" ("the Motion"). The Court ordered Respondents to file a response to the Motion on or before 9:00 A.M. on October 29, 2026. See Minute Order, filed October 27, 2026. Respondents failed to do so.

**BACKGROUND**

Petitioner, a citizen of El Salvador, entered the United States without inspection in the mid-to-late 1990s. He has lived in the United States for decades, mostly in Florida. Petitioner is married to a lawful permanent resident and has raised or is raising three United States citizen sons and one United States citizen daughter. Petitioner has been and is employed in the construction industry.

Petitioner previously applied for, and previously received, temporary protected status. He also applied for and received advanced parole in 2019, permitting him to travel to and from El Salvador in that year. Petitioner's adult son has filed immigration petitions on behalf of Petitioner, including an application to adjust status. Based on this application, Petitioner received work authorization.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-6348-E | Date | October 30, 2026 |
|---|---|---|---|
| Title | WALTER ARMANDO BENITEZ v. FERETI SEMAIA, ETC., ET AL. | | |

Petitioner has never been convicted of a felony. Five or more years ago, he did sustain a misdemeanor battery conviction and convictions for two traffic offenses.

On July 13, 2026, agents of ICE detained Petitioner during a traffic stop. Petitioner has remained in detention ever since. Removal proceedings are pending, and there is no final order of removal.

On September 21, 2026, an immigration judge refused to consider bond for Petitioner. The immigration judge apparently believed that Petitioner's detention is mandatory under 8 U.S.C. section 1225.

**DISCUSSION**

Under Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Winter"), a party seeking a temporary restraining order ("TRO") must establish four elements: "(1) a likelihood of success on the merits, (2) that the [party] will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in [his] favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. at 20); see also Fed. R. Civ. P. 65. Courts in this Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the [party]," and so long as the other Winter factors are also met. Id. at 1132.

In the present case, Petitioner has established the required elements for a TRO mandating his immediate release from detention. The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to an order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025); Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

In the present case, Petitioner is likely to succeed on claims that his detention violated his rights under federal statute and constitutional due process. Contrary to the immigration judge's apparent belief, Petitioner's detention is not mandatory. See Rodriguez-Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026); 8 U.S.C. § 1226(a). Even more fundamentally, Petitioner's months-long detention without a meaningful opportunity to be heard in opposition to detention likely violated his due process rights. Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"). An alien who builds a substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty."). Moreover, here, unlike in Ramirez-Serna, immigration authorities were aware of Petitioner's presence in the United States for years and chose not to detain him. To the contrary, authorities granted Petitioner work authorization. Because of the prior decisions of immigration authorities not to detain him, Petitioner likely developed a constitutionally protected liberty

interest in remaining undetained. See, e.g., Kharitonova v. Albarran, 2026 WL 531441, at *2 (N.D. Cal. July 2, 2026). As in the cases cited above, Petitioner's essentially hearingless detention likely violated his federal due process rights. See Mathews.

For the reasons stated in the Petition and the Motion, it is manifest that the other Winter elements are also satisfied. Under all of these circumstances, the most appropriate remedy would be to release Petitioner on reasonable conditions and to restrain his re-detention without a hearing. See Ramirez-Serna, at 7; Maciel v. Noem, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

## CONCLUSION

It is ordered that the Motion is granted in part. Respondents are ordered to release Petitioner (A# 094-408-857) from detention immediately, subject to reasonable conditions.

It is further ordered that Respondents are enjoined from further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable right of flight.[1]

//

///

[1] No security is ordered because requiring security "would have a negative impact on [Petitioner's] constitutional rights, as well as the constitutional rights of other members of the public." Baca v. Moreno Valley Unified School District, 936 F. Supp. 719, 738 (C.D. Cal. 1996); see Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (despite the seemingly mandatory language of Federal Rule of Civil Procedure 65(c) the district court has discretion regarding whether to require security when granting interim injunctive relief).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-6348-E | Date | October 30, 2026 |
| Title | WALTER ARMANDO BENITEZ v. FERETI SEMAIA, ETC., ET AL. | | |

It is further ordered that, on or before November 6, 2026, Respondents shall file a report discussing: (1) compliance with this TRO; and (2) the nature and timing of any necessary further proceedings in this case.

cc: All Counsel of Record

Initials of Deputy Clerk bm